# COURT OF ERRORS AND APPEALS.

## JUNE TERM.

## 1869.

---

Doe, on the demise of DAVID L. HEARN and ELIZA A. HEARN, his wife, late ELIZA A. CANNON, in right of his wife, *v.* RICHARD ROE, casual ejector, and LEVI CANNON, tenant in possession.

A testator devised thus: " I give and devise all my real estate to Elijah Cannon and Joseph Cannon and William Cannon, sons of my sister Elizabeth who was the wife of Isaac Cannon, to be equally divided between them, to be held by them, their heirs and assigns forever, provided that the said Elijah, Joseph and William Cannon shall take care of and suitably provide for their sister, Eliza Wilmer, for and during her natural life." Elijah Cannon, the first named devisee, was dead when the will was made, and that fact was known to the testator when he made it. There was no other, or residuary devise of his real estate in the will. *Held* that the devise to him of the one equal third part of it was a void and not a lapsed devise, and did not pass under the will to his brothers, Joseph and William Cannon, the surviving devisees, but descended as intestate real estate to the heirs at law of the testator, and that the charge expressed in it to " take care of and suitably provide for their sister, Eliza Wilmer, for and during her natural life," and the fact that the testator knew when he made the will, that Elijah Cannon, the devisee first named, was dead, could not have the effect to enlarge the corpus of the estate devised in it to Joseph and William Cannon, the other two devisees named in it.

ACTION of ejectment and case stated upon the following facts, and question of law reserved to be heard before all the judges in this court. Heard before Bates, Chancellor,

Gilpin, Chief Justice, and Wootten, Houston and Wales, Judges. Levi Cannon, deceased, late of Northwest Fork hundred, Sussex County, by his last will and testament, among other things, devised as follows : "I give and devise all my real estate to Elijah Cannon and Joseph Cannon and William Cannon, sons of my sister Elizabeth who was the wife of Isaac Cannon, to be equally divided between them, to be held by them, their heirs and assigns forever, provided that the said Elijah, Joseph and William Cannon shall take care of and suitably provide for their sister, Eliza Wilmer, for and during her natural life." Elijah Cannon, one of the above named devisees, was dead at the time when the will was written and executed, and the fact of his death prior to that time was well known to the testator when he executed it. There was no other, or residuary devise of his real estate, or any part of it in his will, and the question was whether the surviving brothers and devisees, Joseph Cannon and William Cannon, took the whole of it under the devise in question, or the one equal undivided third part thereof descended, as intestate real estate, to the heirs at law of the testator, of whom the wife of the lessor, David L. Hearn, was one, and in whose right the suit was brought.

*Wright*, for the plaintiffs. A lapsed devise could only occur when a devisee dies after the making of the will, but before the death of the testator. A void devise, however, is one that is void or absolutely ineffectual from the beginning, as where the devisee is dead, as was the case here, at the time of the making of the will; and where there is no residuary devisee named in the will, and there is no devise over of the real estate to another, and the devise is void from its inception, the estate descends as intestate property to the heirs at law of the testator; but when there is a residuary devise to another, the estate in that case goes to such devisee under the will. 1 *Jarm. on Wills*, 293, *note* 1. *Lessee of Ferguson et al. v. Hedges*, 1 *Harr.* 524. 4 *Greenl. Rep.* 486. 18 *Pick.* 41. 1 *Pr. Wms.* 700. 2 *Pr.*

*Wms.*, 489. 10 *Serg. & Rawle*, 351. *Richardson on Wills*, 169. But the devisees in this case took the estate devised as tenants in common, and not as joint tenants, and there was consequently no survivorship between them, or of the void devise of the share and interest to Elijah, to Joseph and William Cannon under it, because the terms, " to be equally divided between them," which occur in it, had always been considered and held to create or import a tenancy in common, and not a joint tenancy, and the words which followed them, " to them, their heirs and assigns forever," could not vary that construction. 1 *Jarm. on Wills*, 294, *note* 1. 2 *Jarm. on Wills*, 162. *Rev. Code*, 286. *Amer. Dig.*, 534, 535. Although the first devisee mentioned, Elijah Cannon, was dead at the time of making the will, and the testator was aware of that fact when he made it, we were not to infer, nor would the law presume that the testator must, therefore, have intended or expected that the other two brothers and devisees mentioned, who he also knew were then living, were to take the whole of the estate devised to the three by survivorship, or in any other way, notwithstanding the fact that Elijah was no longer living and could take no part of it. Nor could the proviso which accompanied and concluded the devise in question, and which imposed on the estate so devised to them, the direct charge for the suitable support of their sister, Eliza Wilmer, during her natural life, affect or alter in any manner, the rule of testamentary construction which must control and govern it, notwithstanding the lapse of the share devised to Elijah did not, of itself, defeat the charge for her benefit. 1 *Jarm. on Wills*, 300. 2 *Atk.*, 605. 1 *Ves. Sr.*, 135.

*Layton*, for the defendant. This case was distinguishable from the cases which had been cited, inasmuch as the devise in question was to the devisees named as a class, that is to say, as the sons of the testator's sister, Elizabeth Cannon, and when such was the case, all of the class who survive and are living at the death of the testator, will take

the estate on the lapse or failure of the devise as to any of the devisees who may have died before him. 1 *Jarm. on Wills*, 293. 1 *Harr.*, 524. 13 *East*, 527. 2 *Powel on Devises*, 102. And if an estate be limited to two persons, one of whom is capable of taking it, and the other not, he who is capable shall take the whole of it. *Shelley's Case*, 1 *Reps.* 101. If a devise be to two, and one dies before the testator, the other will take the whole. 1 *Shower*, 91. *Winn's Reps.*, 293. 5 *Pick.*, 528. 10 *Pick.*, 306. 3 *M. & S.*, 300. 4 *Greenl. Rep.*, 496. The testator, by his will, after otherwise disposing of all his personal estate, devised all his real estate to the three sons of his sister Elizabeth Cannon, naming them, to be equally divided between them in fee simple, upon condition that they should take care of and properly maintain their sister, Eliza Wilmer, during her life, and if the devise to Elijah was void by reason of his death before the making of the will, and his share of the estate devised was therefore not to pass under the will, but was to descend as intestate property to the heirs at law of the testator, the result would be that they would take it by a title entirely independent of the will, and, of course, entirely free and exempt from the charge imposed upon it by the devise for her support, and which would not only defeat the intention of the testator as to that part of it, but it would defeat the charge *in toto*, and his intention as to the whole of the estate, for it could not be diminished and apportioned as to the residue without violating the express words of the devise, and making in effect another will for him; while to charge the residue of it in the hands of the two surviving devisees with her entire support and maintenance, would equally violate his intention, and also the express language of the devise in question. But to hold that the circumstance of Elijah's death before the making of the will, though known to the testator at the time he made it, could thus defeat his intention as to both the devise and the charge in *toto*, would certainly be no worse in contemplation of law, at least, than to hold that it was thus defeated *pro tanto* merely. The charge would also

enlarge the devise first limited to them, and under the circumstances give them the whole estate, and so the testator must have intended, inasmuch as he well knew when he made the will that his nephew, Elijah Cannon, was dead.

*Wright.* In the case of *Wigg v. Wigg*, 1 *Atk.*, 382, the devise of the testator was of certain lands to his son on condition that he and his heirs should pay to six grandchildren of the testator, the sum of ninety pounds, to be equally divided between them, but the son and devisee of the land died before the testator, by which the devise lapsed, and the son of the eldest son of the testator entered on the land as heir at law, and on a bill of complaint filed in chancery by the grandchildren against him for the legacy, one of the defences was the same as had been made in this case, that as the devise itself had failed and no estate had ever passed under it to the devisee, so the condition annexed to it, which was the legacy to be paid to the grandchildren, had failed with it, and the land had consequently descended to the heir at law entirely free and discharged from it. But Lord Hardwicke said, and so decided, that the heir at law might enter and take advantage of the breach of the condition, and yet in that court he should be considered only as a trustee for the legatees until the legacy should be paid, and that a man may by will make an equitable, as well as a legal charge on his estate, and that court would maintain it against the heir at law, and, therefore, the grandchildren in that case were entitled to be paid out of the land so devised. He also said the case was so circumstanced, as would induce a court of law, as well as equity, to make as strong a construction as possible to support such a charge. And upon the authority of that case, it was sufficient for him to say in reply to the argument on the other side on that point, that notwithstanding the devise had failed as to one-third part of the estate devised, no part whatever of the charge in question had failed with it, but the legatee would have her remedy before another tribunal for an equivalent pro-

portion of it against the heirs at law of the testator, or any persons coming into possession of any portion of the estate under them, as well as against the surviving devisees for the residue of it, so far as a proper provision for her support and maintenance might require it during her life.

*Wales, J.*, announced the opinion of the Court. The distinction between a lapsed and a void devise is a familiar one, the former being good at the date of the will, but failing or lapsing afterward by the occurrence of some event, most commonly the death of the devisee during the lifetime of the testator, while a void devise is void from the beginning, as where the devise is prohibited by law, or the devisee is dead at the making of the will, or is otherwise incapable of taking under it. It would seem clear, therefore, according to this definition, that the devise to Elijah, the first devisee named, must be void and go over, unless it be possible so to construe the language and terms of the will as meaning to give all the real estate to Elijah, Joseph and William, as joint tenants, or, what would be the same in effect as to the claim of the heir at law, to them generally as a class, or a family, under the description of "the sons of my sister Elizabeth." At common law a devise to two or more persons and their heirs would make the devisees joint tenants; but words importing division by equal shares, as "equally to be divided," would create a tenancy in common. 2 *Jarm. on Wills*, 167. The devise in question is to Elijah, Joseph and William, "to be equally divided between them." Even with the utmost latitude of construction we could not hold this to be a devise in joint tenancy, and were we inclined on general principles to do so, we would be restrained by our own statute which particularly prescribes what words in a will or conveyance shall constitute such an estate. The revised act of 1816 (R. C. 286) leaves no room for doubt. It says "No estate in joint tenancy, in lands, tenements or hereditaments, shall be held or claimed by or under any grant, devise or conveyance, made to any persons, other than to executors or

trustees, unless the premises therein mentioned shall be expressly granted, devised or conveyed to such persons, to be held as joint tenants and not as tenants in common." In *Davis and wife, v. Smith*, 4 *Harr.* 68, the Court held that a devise to the testator's " two grandsons, John Smith and David Smith, jointly, their heirs and assigns forever," on condition that they each paid fifty dollars to H. A. S. when they arrived at age, respectively,was a tenancy in common and not a joint tenancy. The Court considered that the statute controlled the subject, and that was a much stronger case for the surviving devisee then the present one

Next ; is this a devise to a class, and did the testator intend to give his real estate to all the sons of his sister Elizabeth who might be living at the time of his death, without reference to them individually ? Had the devise been to " the sons of my sister Elizabeth," without naming them, even though made tenants in common, the estate would go to the surviving brothers, Joseph and William ; but having named them separately and definitely, he further designates them as the sons of his sister Elizabeth, probably to distinguish them from other persons of the same name, a very ordinary and usual precaution, but by no means manifesting an intention to describe them as a class. The distinction between a devise to a class and one to individuals is very plainly defined in 2 *Powell on Devises*, 327 : " Thus, if a testator give to his children generally, or to the sisters of A, i. e. as a class, whether as joint tenants, or tenants in common, the objects comprising the class at his death, whatever be their number, and whenever born, are entitled ; and the fact of the gift being to them as tenants in common, will not prevent a single object representing the class from taking the whole. If, however, the gift were to testator's children, or sisters by name, or to his three children, or three sisters without naming them, the share of one of the objects subsequently dying in his lifetime would, if the gift were joint, survive to the other ; but if it were several it would lapse." The devise must be to the children indefinitely as a class, and not to them

*nominatin,* or as now living, or as consisting of a specified number, in all which cases the devise will be regarded as a gift to the devisees individually." *Ibid.*

In *Doe lessee of Stewart v. Sheffield,* 13 *East* 526, the testator gave and devised certain premises unto the sisters of John Howard to hold the same to them, their heirs and assigns forever as tenants in common, and not as joint tenants. Previous to the making of the will there had been three sisters of John Howard, but at the death of the testator there was only one surviving who with her husband entered into possession of and conveyed the premises to the defendant. The will contained legacies to the children of Mary Stewart, and also to the children of Robert Mosley, to be equally divided amongst them, share and share alike. It was there held that the surviving sister was entitled to the whole property devised to her class. Lord Ellenborough said;" I have little doubt that the testator intended to devise his estate to the several objects of his bounty, in classes; taking the chances of their being a greater or less number of persons in each class; and meaning if there were more than one individual of the same description, they should all take equal shares; if only one, that one should take the whole given to that class or description. * * He names none, but speaks generally. * . * The scope of the will shows that he looked to the class and not to the number of individuals who might happen to compose it." And Mr. Justice Bailey, in the same case remarks, " it is left to the sisters generally, not by name;" and adds, " but if, indeed, the property had been left to them by name, as tenants in common, no doubt if one of them had died before the testator, her share would have gone over." The rule of law, cited by the defendant's counsel, that if an estate be limited to two, the one capable and the other not capable, he who is capable shall take the whole, supposes a joint estate limited to the two. It is otherwise if several estates be limited to two by name. *Vide* note to the case of *Stewart v. Sheffield* and the authorities there cited.

What may have been the intention of the testator, in the disposition of his real estate, we can only gather from the language of his will as interpreted according to the settled and well known rules of construction, one of which is "that where a testator uses technical words he is presumed to employ them in their legal sense unless the context clearly indicates the contrary," and read by this rule and in the light of the principles and authorities cited, we are of opinion that the seventh item of the will does not create a joint tenancy or constitute a devise to the sons of his sister Elizabeth generally, but that the devise to Elijah is void. And the fact that the testator knew when he made the will that Elijah Cannon was dead, together with the charge to take care of and suitably provide for Eliza Wilmer, cannot have the effect to enlarge the corpus of the estate devised in it to Joseph and William Cannon, or alter the conclusion to which we have arrived in the case. It is, therefore, the opinion of the Court that the plaintiffs are entitled to recover in the action.